## HENRY KING Executor, &c., *versus* DANIEL FOWLER *et al.*

If a party in possession of land under a judgment in a writ of entry, sows the land during the pendency of a writ of right against him, and the demandant in the writ of right recovers judgment, and obtains seisin and possession before the crop is severed, the demandant is entitled to the crop.

So if the land is thus sowed by the grantee of the party who recovered in the writ of entry, and the recovery in the writ of right is against such grantee.

TRESPASS *quare clausum*, to recover the value of 200 bushels of rye.

From an agreed statement of facts it appeared, that the land on which the rye grew, had been in the possession of Frederick Fowler, for a great number of years ; that King commenced a suit against him for the recovery of the land ; that a verdict was rendered in part for King, and in part for Frederick Fowler ; that afterwards, on April 19, 1824, Frederick Fowler conveyed the premises to the defendant, Daniel Fowler, who immediately entered into possession ; that on August 1, 1830, King sued out a writ of right against Daniel for the recovery of the premises, and recovered a verdict against him ; that Daniel moved for a new trial, on the ground of a misdirection of the jury ; that while the motion was pending, the land was sowed with rye by the defendants ; that the motion was afterwards overruled, and execution was issued in favor of King, and possession delivered to him under the execution ; that after possession had been delivered to King by the officer, the defendants entered upon the land and harvested and carried away the rye. It was agreed that the value of the rye was $180, and that the expense of cradling it, amounted to $20

If the defendants were liable, the damages were to be assessed by the Court.

*Mills* for the plaintiff.

*Boies* and *W. G. Bates*, for the defendants, cited *Emerson* v. *Thompson*, 2 Pick. 473; 3 Dane's Abr. 121; 9 Vin. Abr. 368; 6 Bac. Abr. 592, *Trespass*, G, 2; *Russell* v. *Blake*, 2 Pick. 505.

*Per Curiam.* During the pendency of the writ of right, the land was sowed by one of the defendants, and though the crop was not severed till after the plaintiff obtained seisin and possession, this defendant contends that he is entitled to the crop as emblements, because his entry was under a judgment and so lawful. This proceeds upon a mistake. It is true there was a judgment for the defendant's grantor in a writ of entry, an action of inferior degree; but upon the higher action, it was determined that the defendant was in without right, in effect reversing and annulling the former judgment. The general rule is, that if a man enter by title paramount, he shall have the emblements, as if a disseisor sow and the disseisee enter before severance. Co. Litt. 55 *b*.

The Court are of opinion, that the claim for emblements cannot be sustained, and that the defendants are liable. But we think here was no ground to claim exemplary damages; but the value of the growing crop is the proper measure of damages. The plaintiff is therefore entitled to recover the agreed value of the grain, deducting the expense of harvesting.